IN THE MATTER OF: THOMAS DANIEL HUMPHREY, JR.

No. COA02-518

(Filed 18 March 2003)

## 1. Termination of Parental Rights— jurisdiction—neglect— proceedings in another county

A New Hanover County district court had subject matter jurisdiction to consider a petition to terminate parental rights even though custody issues had been heard in a Wake County district court where petitioner and the child resided in New Hanover County and the New Hanover court determined that the child had been neglected by respondent. N.C.G.S. § 7B-1101.

## 2. Trials— continuance denied—burden of demonstrating grounds not met

The denial of a motion to continue a termination of parental rights hearing was not an abuse of discretion where respondent failed to meet her burden of demonstrating sufficient grounds for a continuance.

## 3. Termination of Parental Rights— petition—required statement omitted—not prejudicial

The omission of the statutorily required statement that a petition for termination of parental rights was not filed to circumvent provisions of the Uniform Child-Custody Jurisdiction and Enforcement Act was not prejudicial to respondent. Additionally, there is no authority compelling dismissal solely for omission of this statement. N.C.G.S. § 7B-1104(7).

## 4. Termination of Parental Rights— neglect—no specific allegation—factual allegations sufficient for notice

The trial court did not err by considering neglect in a termination of parental rights case where there was not a specific allegation of neglect in the petition but the factual allegations were sufficient to put respondent on notice.

## 5. Termination of Parental Rights— neglect—evidence sufficient

The trial court did not err by finding and concluding that respondent had neglected her child where the evidence was that respondent had limited contact with the child after 1992 and last visited him in 1995, her only contact after 1995 was a birthday

IN RE HUMPHREY

[156 N.C. App. 533 (2003)]

card in 2001, and she did not contribute to the child's financial support after 1992. Although she was seeking visitation rights in a custody action at the time of the termination proceeding, that alone does not demonstrate that she was attempting to perform her obligations as a parent.

Appeal by respondent from order entered 9 November 2001 by Judge J.H. Corpening, II in District Court, New Hanover County. Heard in the Court of Appeals 16 October 2002.

*W.T. Batchelor II, for petitioner-appellee.*

*Robert C. Slaughter, III for respondent-appellant.*

McGEE, Judge.

Thomas D. Humphrey (petitioner) filed a petition on 13 September 2000 in New Hanover County to terminate the parental rights of Anne Wyatt Skok (respondent) to Thomas Daniel Humphrey, Jr. (the child). Respondent filed an answer to the petition and a motion to dismiss on 8 October 2001. Respondent filed a motion to continue the hearing on the petition to terminate parental rights on 19 October 2001. The trial court denied the motion and the hearing commenced on 23 October 2001. Respondent orally moved to dismiss the petition, which the trial court denied at the end of the hearing. The trial court found that respondent had neglected and abandoned the child and concluded that termination of respondent's parental rights to the child were in the best interests of the child. Respondent appeals.

The evidence presented before the trial court tended to show that the child was born to petitioner and respondent on 25 June 1989. After petitioner and respondent separated, petitioner was awarded temporary custody of the child and respondent was awarded visitation in 1992 in Wake County District Court. Petitioner has maintained physical custody of the child since 30 July 1992. Respondent has had limited contact with the child since 1992 and last visited the child on 25 June 1995. Between 1992 and 1995, respondent visited the child an average of once a year and telephoned the child approximately four times. She sent at most four cards or letters to the child over the past seven years. The trial court found that respondent "is not actively pursuing a resumption of her relationship with her son."

Respondent did not seek visitation with the child from 1995 until she filed a contempt motion against petitioner in August 2000 in Wake

IN RE HUMPHREY

[156 N.C. App. 533 (2003)]

County District Court. Respondent's motion for contempt and request for visitation were denied on 6 August 2001, nunc pro tunc to 30 April 2001. The trial court also ordered respondent to submit to a psychological evaluation, but respondent failed to do so.

At the time of the termination of parental rights hearing the child resided with petitioner and petitioner's wife (stepmother) in New Hanover County. The child's stepmother has a fourteen-year-old daughter with whom the child has a good relationship. There is evidence in the record that the child has a good home life, is performing well in school, and is supportive of his stepmother's plans to adopt him.

[1] Respondent first argues the trial court erred in denying her motion to dismiss the petition to terminate her parental rights because the issues in this case were already under the jurisdiction of the district court in Wake County. Respondent contends the district court in New Hanover County lacked subject matter jurisdiction.

The statute setting forth provisions related to jurisdiction in termination of parental rights cases, N.C. Gen. Stat. § 7B-1101 (2001), states that

> [t]he Court shall have exclusive original jurisdiction to hear and determine any petition or motion relating to termination of parental rights to any juvenile who resides in, is found in . . . the district at the time of filing of the petition or motion. . . . Provided, that before exercising jurisdiction under this Article, the court shall find that it would have jurisdiction to make a child-custody determination under the provisions of G.S. 50A-201, 50A-203, or 50A-204.

Our Court has stated that "[t]his provision requires a two-part process in which the trial court must first consider whether it has jurisdiction to make a child custody order under N.C. Gen. Stat. § [50A-201] before it can exert the 'exclusive original' jurisdiction granted in N.C. Gen. Stat. § [7B-1101]." *In re Bean*, 132 N.C. App. 363, 366, 511 S.E.2d 683, 686 (1999) (quoting *In re Leonard*, 77 N.C. App. 439, 335 S.E.2d 73 (1985)). Satisfaction of the first part of the test requires that the district court's exercise of jurisdiction be compatible with the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA), codified in N.C. Gen. Stat. Chapter 50A. *In re Bean*, 132 N.C. App. at 366, 511 S.E.2d at 686.

The UCCJEA provides that the court has jurisdiction to make an initial child custody determination only if North Carolina is the "home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding." N.C. Gen. Stat. § 50A-201(a)(1) (2001). "It is a generally accepted principle that the courts of the state in which a minor child is physically present have jurisdiction consistent with due process to adjudicate a custody dispute involving that child." *Lynch v. Lynch*, 302 N.C. 189, 193, 274 S.E.2d 212, 217, *modified and affirmed*, 303 N.C. 367, 279 S.E.2d 840 (1981).

Evidence in the record demonstrates that the child was a resident of North Carolina at the time the petition for termination of parental rights was filed. North Carolina was also the home state of the child at the time the action for child custody was originally filed in 1992 and the record shows that the child has remained a resident of North Carolina subsequently. Additionally, no other state has attempted to assert jurisdiction, original or otherwise, in this case. Accordingly, there is no evidence of a jurisdictional conflict with the court of another state and the district court in New Hanover County could exercise child custody jurisdiction consistent with the UCCJEA.

Respondent cites *In re Greer*, 26 N.C. App. 106, 215 S.E.2d 404 (1975) in arguing that the court which first acquires custody jurisdiction retains it to the exclusion of others. In *Greer*, the trial court in Watauga County entered a child custody award in a divorce and custody proceeding. Approximately six years later, the children began residing with their father in Pitt County, which was not authorized by the child custody order. The district court in Pitt County attempted to assert jurisdiction over the children on the basis that they were neglected. Our Court ruled that the district court in Pitt County could not usurp the jurisdictional authority of the district court in Watauga County because no factual findings were made by the district court in Pitt County to support the conclusion that the children were neglected. We concluded that there was no legal justification for permitting the district court in Pitt County to enter its order.

However, in *Greer* we opined that a sufficient factual basis for establishing that the children were neglected while in Pitt County would have permitted the district court in Pitt County to exercise jurisdiction in the case.

[I]n this case where only the question of custody is involved, if the factual circumstances justified a finding of "neglect," it is our

opinion that the District Court, Pitt County, could properly assume jurisdiction and temporary custody of the children for the limited purpose of returning them to the proper custodian or the proper court; and in some cases involving . . . neglected . . . children the District Court where the children are found may assume custody jurisdiction under G.S. 7A-277, *et. seq.*, even where another court has custody jurisdiction under G.S. 50-13.1, *et. seq.*

*Id.* at 113, 215 S.E.2d at 409.

The holding in *Greer* is distinguishable from the facts in the present case, but we find the dicta of this Court in *Greer* to be persuasive. In the case before us, the original child custody action was filed in district court in Wake County and a temporary custody order was entered on 17 August 1992. The district court in Wake County properly exercised jurisdiction over the custody matter and the child because all parties resided in Wake County at the initiation of the divorce and custody action. Petitioner filed a petition for termination of parental rights on 13 September 2000 in district court in New Hanover County. In granting the petition, the district court in New Hanover County determined that the child had been neglected by respondent and made sufficient findings of fact to support that determination, as discussed hereafter. While Wake County still maintained jurisdiction over the child custody proceeding, the district court in New Hanover County could assume child custody jurisdiction over the child due to its finding that the child was neglected.

Having determined that a district court can exercise jurisdiction consistent with the UCCJEA, we must now determine if the district court in New Hanover County meets the remaining requirements for exercising jurisdiction under N.C.G.S. § 7B-1101. The statute requires that the child reside in or be found in the county where the petition for termination of parental rights is filed. N.C.G.S. § 7B-1101.

The record demonstrates that petitioner was a resident of New Hanover County at the time the petition was filed. The record also shows that the child was residing with petitioner in New Hanover County at the time of the filing of the petition and at the time of the issue of the order terminating respondent's parental rights. Accordingly, the requirement that the child reside in or be found in New Hanover County was satisfied and enabled the district court to exercise jurisdiction pursuant to N.C.G.S. § 7B-1101. This assignment of error is without merit.

IN RE HUMPHREY

[156 N.C. App. 533 (2003)]

**[2]** Respondent next argues the trial court erred in denying respondent's motion to continue the 23 October 2001 hearing. Respondent contends that she and her mother were justifiably absent from the hearing and that the hearing should have been continued due to the pending action in Wake County District Court. Since we already have held that the district court in New Hanover County was able to assume jurisdiction in this matter, we will only address respondent's argument that she was justifiably absent from the hearing.

> A motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion. Continuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it. The chief consideration is whether granting or denying a continuance will further substantial justice.

*Doby v. Lowder*, 72 N.C. App. 22, 24, 324 S.E.2d 26, 28 (1984) (citations omitted).

Respondent has failed to demonstrate that a continuance of the hearing was necessary to further substantial justice. Respondent's brief fails to address respondent's absence from the hearing and provides no evidence that would warrant a continuance. Respondent stated that her motion for continuance was partially based on the fact that her mother, a crucial witness, could not attend the hearing, but respondent fails to develop this argument or provide evidence to support this claim. Respondent has failed to meet her burden of demonstrating sufficient grounds for a continuance. The trial court did not abuse its discretion in denying respondent's motion to continue the hearing. This assignment of error is without merit.

**[3]** Respondent next argues the trial court erred in denying respondent's motion to dismiss the petition to terminate parental rights because the petition failed to meet statutory requirements. Respondent contends the petition failed to state that it had not been filed to circumvent the provisions of Article 2 of Chapter 50A of the North Carolina General Statutes, as required by N.C.G.S. § 7B-1104.

N.C. Gen. Stat. § 7B-1104(7) (2001) states that a petition or motion for termination of parental rights shall state that the petition "has not been filed to circumvent the provisions of Article 2 of Chapter 50A of the General Statutes, the Uniform Child-Custody Jurisdiction and Enforcement Act." The record shows that petitioner failed to make this statement of fact in the petition he filed in district

IN RE HUMPHREY

[156 N.C. App. 533 (2003)]

court in New Hanover County on 13 September 2000. However, the trial court made a finding of fact that "[t]he petition did not allege specifically that the petition was not filed to avoid the Uniform Child Custody Jurisdiction and Enforcement Act but did allege the existence of a proceeding in Wake County, North Carolina regarding visitation with this child." This finding was sufficient to establish that the petition was not filed to circumvent the UCCJEA and to cure petitioner's error. Additionally, we find no authority that compelled dismissal of the action solely because petitioner failed to include this statement of fact in the petition. While it is a better practice to include the factual statement as stated in the statute, under the facts in this case we find that respondent has failed to demonstrate that she was prejudiced as a result of the omission. This assignment of error is overruled.

[4] Respondent argues the trial court erred in considering the issue of neglect because the petition failed to allege that respondent had neglected the child. Respondent contends that consideration of the neglect issue was unfair because it did not put her on notice that she needed to defend against the allegation of neglect.

N.C. Gen. Stat. § 7B-1104(6) (2001) states that a petition for termination of parental rights shall state "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." Factual allegations must be sufficient to put a respondent on notice regarding the acts, omissions, or conditions at issue in the petition. *In re Hardesty*, 150 N.C. App. 380, 384, 563 S.E.2d 79, 82 (2002).

In the present case, petitioner's factual allegations were sufficient to put respondent on notice regarding the issues in the petition. The petition alleged that respondent had not visited the child in the past five years and that respondent had contributed less than $25.00 to the child's support since 1992. These factual allegations were sufficient to give respondent notice regarding the issue of neglect and petitioner did not need to specifically allege neglect in the petition. This assignment of error is without merit.

[5] Respondent argues the trial court erred in finding as fact and concluding as a matter of law that respondent neglected and abandoned the child.

On review, this Court must determine whether the trial court's findings of fact were based on clear, cogent, and convincing evi-

dence, and whether those findings of fact support a conclusion that parental termination should occur on the grounds stated in N.C. Gen. Stat. § 7A-289.32. So long as the findings of fact support a conclusion based on § 7A-289.32, the order terminating parental rights must be affirmed.

*In re Oghenekevebe*, 123 N.C. App. 434, 435-36, 473 S.E.2d 393, 395-96 (1996) (citation omitted). Findings of fact to which a respondent did not object are conclusive on appeal. *In re Wilkerson*, 57 N.C. App. 63, 65, 291 S.E.2d 182, 183 (1982). A finding of any one of the enumerated grounds for termination of parental rights under N.C.G.S. 7B-1111 is sufficient to support a termination. *In re Pierce*, 67 N.C. App. 257, 261, 312 S.E.2d 900, 903 (1984). Accordingly, we limit our review to respondent's argument regarding the trial court's finding and conclusion that the child was neglected.

The trial court may terminate the parental rights to a child upon a finding that the parent has neglected the child. N.C. Gen. Stat. § 7B-1111(a)(1) (2001). N.C. Gen. Stat. § 7B-101(15) (2001) defines, in pertinent part, a neglected juvenile as "[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent . . . or who has been abandoned." Abandonment has been defined as

wilful neglect and refusal to perform the natural and legal obligations of parental care and support. It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.

*Pratt v. Bishop*, 257 N.C. 486, 501, 126 S.E.2d 597, 608 (1962).

Evidence in the record shows that respondent has not visited the child or requested visitation since 1995. Furthermore, her only contact with the child since 1995 was a birthday card in 2001. The evidence demonstrates that respondent has wilfully refused to perform her obligations as a parent and has withheld her presence, love, care, and opportunity to display filial affection from the child. Respondent has had limited interaction with the child since 1992, visiting with him less than once a year between 1992 and 1995. She has also failed to financially contribute to the support of the child since 1992.

N.C. Gen. Stat. § 7B-1111(a)(7) (2001) states that parental rights may be terminated on the grounds of abandonment if the parent has abandoned the child for at least six consecutive months immediately preceding the petition. The statute does not impose a six-consecutive-month requirement when the child is classified as neglected due to abandonment. The evidence demonstrates that respondent abandoned the child over a six-year period and has done nothing to fulfill her obligations as a parent. While respondent argues that she is currently seeking visitation rights in the Wake County custody action, this alone does not demonstrate that respondent is attempting to perform her obligations as a parent. Respondent has failed to make any effort towards contacting or supporting the child through visitation, correspondence, or support. The evidence shows that the child has received no parental care or affection from respondent since 1995 and received visitation an average of once per year from 1992 to 1995. Respondent also failed to except to the trial court's finding that she was "not actively pursuing a resumption of her relationship with her son" and to other findings supporting neglect. Thus, these findings become conclusive on appeal. *In re Wilkerson*, 57 N.C. App. at 65, 291 S.E.2d at 183.

The evidence in the record is sufficiently clear and convincing to support the trial court's findings of fact that respondent has neglected the child. These findings of fact support the trial court's conclusions of law and its decision to terminate the parental rights of respondent. This assignment of error is without merit.

We have reviewed respondent's remaining arguments and find them to be without merit.

Affirmed.

Judges WYNN and HUDSON concur.