IN RE: C.D.A.W., A MINOR CHILD

No. COA04-1610

(Filed 7 February 2006)

**1. Termination of Parental Rights— failure to appoint guardian ad litem—mental illness—chemical dependency**

The trial court did not err in a termination of parental rights case by failing to appoint a guardian ad litem for respondent mother based on evidence of both her mental illness and chemical dependency, because: (1) there was no petition or adjudication for dependency, and consequently, none of the grounds for terminating respondent's parental rights involved use of N.C.G.S. §§ 7B-1111(a)(6), 7B-101(9), or 7B-1101; and (2) the DSS motion did not track the language of N.C.G.S. § 7B-1111(a)(6).

**2. Termination of Parental Rights— failure to comply with reunification plan—willful abandonment of child for at least six consecutive months**

The trial court did not err in a termination of parental rights case by determining that respondent mother failed to successfully comply with the reunification plan including willfully abandoning her minor child for at least six consecutive months, because: (1) respondent failed to challenge many of the detailed findings of fact that support the trial court's conclusion she neglected the minor child; (2) respondent failed to challenge the conclusion of law she neglected the minor child; and (3) as these findings and conclusions of law are binding on appeal, the Court of Appeals does not need to address the remaining alternative grounds found by the trial court.

**3. Termination of Parental Rights— denial of motion for continuance—mental impairment—chemical dependency—desire to enter drug treatment facility**

The trial court did not abuse its discretion in a termination of parental rights case by denying respondent mother's motion for continuance based on her mental impairment, chemical dependency, and desire to enter a drug treatment facility, because: (1) respondent failed to illustrate that a continuance would further substantial justice; (2) DSS previously offered respondent assistance to enter a reputable drug treatment facility, and respondent twice failed to attend; and (3) DSS tried repeatedly and unsuc-

IN RE C.D.A.W.

[175 N.C. App. 680 (2006)]

cessfully for a period of 18 months to get respondent to engage in drug rehabilitation.

## 4. Termination of Parental Rights— judicial notice of records, court orders, and summaries—failure to show prejudice

Although the trial court erred in a termination of parental rights case by failing to rule on either petitioner's request or respondent mother's objection to petitioner's request for the trial court to take judicial notice of the records, court orders, and summaries entered in the case, this assignment of error is overruled because respondent failed to illustrate how she was prejudiced when all of the findings relating to and supporting the conclusion respondent neglected the minor child remain unchallenged.

## 5. Termination of Parental Rights— amendment to petition—independent sufficient grounds

Although respondent mother contends the trial court erred by allowing a DSS motion to amend the pleadings to assert N.C.G.S. §§ 7B-1111(a)(2) (reasonable progress) and 7B-1111(a)(3) (support), the Court of Appeals does not need to address whether the trial court abused its discretion in permitting these amendments to the petition to terminate parental rights, because the conclusion that respondent mother neglected the minor child is independently sufficient grounds to terminate parental rights.

## 6. Termination of Parental Rights— factors—successful adaptation of minor child to foster home—desire of foster parents to adopt minor child

The trial court did not abuse its discretion in a termination of parental rights case by basing disposition in whole or in part upon the successful adaptation of the minor child to the foster home and the desire of the foster parents to adopt the minor child, because: (1) although a finding by a trial court that children being settled in a foster home alone does not support a termination of parental rights, it is appropriate for the court to assess how the child is adjusting to its new home environment; and (2) a full review of the trial court order illustrated that more than one factor predominated in the court's ultimate conclusion to terminate respondent's parental rights.

**7. Appeal and Error— preservation of issues—failure to argue—failure to cite authority**

Although respondent mother contends that the trial court erred by determining that it was in the best interests of the minor child to terminate respondent's parental rights, this assignment of error is abandoned under N.C. R. App. P. 28(b)(6), because respondent did not provide any discernible argument or citation of authority for such a claim.

Judge WYNN dissenting.

Appeal by respondent-mother from order entered 20 June 2004 by Judge Susan E. Bray in Guilford County District Court. Heard in the Court of Appeals 20 September 2005.

*Office of the Guilford County Attorney, by Assistant County Attorney James A. Dickens, for petitioner-appellee, Guilford County Department of Social Services.*

*Carlton, Rhodes, & Carlton, by Gary C. Rhodes, for respondent-mother.*

CALABRIA, Judge.

Mrs. A.W.E. ("respondent") appeals an order terminating her parental rights. We affirm.

Respondent gave birth to C.D.A.W. ("the minor") on 15 January 2003 in High Point, North Carolina. Respondent tested HIV positive and failed to take any of her specified medications during her pregnancy. The Guilford County Department of Social Services ("DSS") filed a petition and on 27 February 2003 the minor child was adjudicated neglected and dependent. In the court's disposition order entered 27 March 2003, respondent was ordered, *inter alia*, to remain drug free and supervised visitation with her minor child was contingent upon two clean drug tests.

Prior to the adjudication and disposition, respondent entered into a case plan with DSS for reunification. Pursuant to this plan dated 31 January 2003, respondent agreed to the following: attend mental health appointments and take all prescribed medications; develop appropriate parenting skills through a parenting assessment and exhibit those skills during visitation with minor; attend drug treatment, submit to random drug testing, and remain drug free; and maintain suitable and stable housing.

From 31 January 2003 to 20 June 2003, DSS continued to assist respondent, yet her compliance was inconsistent. While she regularly attended all medical and mental health appointments through 7 April 2003, respondent failed to take her prescription medication and, as a result of her continued absences, was discharged from the Guilford County Mental Health Program; DSS provided three opportunities for a required parenting assessment, but respondent failed to attend the assessment appointments and never rescheduled; respondent attended only one visit with the minor child due to continued drug issues; respondent not only failed to remain drug free, but refused to enter drug treatment despite several DSS attempts to the contrary; respondent failed to maintain suitable and stable housing.

At the 26 June 2003 initial permanency planning hearing, the district court recommended a concurrent plan of termination of parental rights and reunification. The court noted respondent's 31 January 2003 reunification plan and provided another opportunity for her to comply with the requirements set out by DSS. DSS waited until 25 August 2003 to file a petition to terminate parental rights and on 18 September 2003, another permanency planning review hearing was held to determine whether respondent was in compliance. The court acknowledged little change from 26 June 2003.

On 15 December 2003 the district court ordered the termination of respondent's parental rights finding as grounds for termination: respondent neglected the minor child as contemplated by N.C. Gen. Stat. § 7B-1111(a)(1) and respondent willfully abandoned the minor child for at least six consecutive months as contemplated by N.C. Gen. Stat. § 7B-1111(a)(7). However, on 6 February 2004 respondent sought relief from the 15 December 2003 judgment pursuant to Rule 60 of the North Carolina Rules of Civil Procedure alleging her attorney was never served with notice of the hearing and she could not read the notice since she was illiterate. On 18 March 2004, the district court granted respondent's motion and reversed the 15 December 2003 termination order.

Following an initial continuance of the second termination of parental rights hearing from 10 May 2004 to 21 June 2004, respondent moved for another continuance since she planned to enter a residential program to treat her chemical dependency that afternoon. The court denied her motion and proceeded in the presence of her counsel but in her absence since she made the decision to attend the drug treatment program. At the close of the evidence, DSS moved to amend the petition alleging additional grounds for termination: will-

fully leaving the minor child in foster care for more than 12 months without showing to the satisfaction of the court that reasonable progress has been made in correcting the conditions which led to the removal of the minor child as contemplated by N.C. Gen. Stat. § 7B-1111(a)(2) and failing to pay reasonable child support as contemplated by N.C. Gen. Stat. § 7B-1111(a)(3). The court granted the motion and ordered the termination of respondent's parental rights. Respondent appeals.

"There is a two-step process in a termination of parental rights proceeding." *In re Blackburn*, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). "At the adjudicatory stage, the petitioner has the burden of establishing by clear and convincing evidence that at least one of the statutory grounds listed in N.C. Gen. Stat. § 7B-1111 exists." *In re Faircloth*, 153 N.C. App. 565, 575, 571 S.E.2d 65, 72 (2002) (citations omitted). "If a ground for termination is so established, the trial court must proceed to the second stage and hold a dispositional hearing." *Id.* At the dispositional hearing, "the trial court must consider whether termination is in the best interests of the child." *Id.* "Unless the trial court determines that the best interests of the child require otherwise, the termination order shall be issued." *Id.* (citations omitted).

Our standard of review for the adjudication stage "is whether there existed clear, cogent, and convincing evidence of the existence of grounds to terminate respondent's parental rights." *In re Oghenekevebe*, 123 N.C. App. 434, 439, 473 S.E.2d 393, 398 (1996). As to the dispositional stage we review the trial court's ruling only for an abuse of discretion. *Blackburn*, 142 N.C. App. at 614, 543 S.E.2d at 911.

[1] We first address respondent's argument that the trial court erred by failing to appoint a guardian ad litem for respondent due to evidence of both her mental illness and chemical dependency. Respondent contends her inability to care for herself and her son was the result of a mental health impairment and substance abuse and consequently, a guardian ad litem should have been appointed. We disagree.

N.C. Gen. Stat. § 7B-1111(a)(6) (2005) provides parental rights may be terminated if

> the *parent is incapable* of providing for the proper care and supervision of the juvenile, such that the *juvenile is a dependent juvenile within the meaning of G.S. 7B-101*, and that there is a

reasonable probability that such incapability will continue for the foreseeable future. *Incapability* under this subdivision may be the result of *substance abuse,* mental retardation, *mental illness,* organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile.

(Emphasis added). N.C. Gen. Stat. § 7B-101(9) (2005) defines dependent juvenile as

[a] juvenile in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement.

Relatedly, according to N.C. Gen. Stat. § 7B-1101 (2003),[1] "[w]here it is alleged that a parent's rights should be terminated pursuant to G.S. 7B-1111(a)(6), and the *incapability* to provide proper care and supervision pursuant to that provision is the result of substance abuse, mental retardation, mental illness, . . . [,]" a guardian ad litem shall be appointed.

In the instant case, however, there was no petition or adjudication for dependency. Consequently, none of the grounds for terminating respondent's parental rights involved use of N.C. Gen. Stat. §§ 7B-1111(a)(6), 7B-101(9), or 7B-1101. Moreover, the DSS motion did not track the language of 7B-1111(a)(6). *See In re B.M., M.M., An.M, and Al.M.,* 168 N.C. App. 350, 357, 607 S.E.2d 698, 703 (2005) (explaining that so long as the DSS motion tracked 7B-1111(a)(6), it was unnecessary for the motion to expressly cite 7B-1111(a)(6)). Since none of the stated grounds for terminating respondent's parental rights fits within the express language of 7B-1111(a)(6), 7B-101, or 7B-1101 or within the 'exception' of *B.M., supra,* it was unnecessary for the court to appoint a guardian ad litem. For the foregoing reasons, we overrule this assignment of error.

[2] Next, respondent assigns error to the trial court determination that she willfully failed to successfully comply with the reunification plan. Respondent contends the conclusion was not supported by clear, cogent, and convincing evidence and is thus contrary to the evidence in the record. In so proceeding, respondent grouped her sec-

---

1. Though N.C. Gen. Stat. § 7B-1101 was amended, the amended portions are effective as to actions filed on or after 1 October 2005 and thus do not affect this appeal.

ond assignment of error, that the trial court erred in concluding she willfully abandoned the minor child for at least six consecutive months, with the above-stated first assignment of error.

Respondent failed to challenge many of the detailed findings of fact that support the trial court's conclusion she neglected the minor child. Additionally, respondent failed to challenge the conclusion of law she neglected the minor child. Thus, as these findings and conclusions of law are binding on appeal, we need not address the remaining alternative grounds found by the trial court. *See In re P.L.P.*, 173 N.C. App. 1, 8, 618 S.E.2d 241, 246 (2005). These assignments of error are overruled.

[3] Respondent next argues the trial court abused its discretion in denying respondent's motion for continuance. Respondent contends her motion for continuance should have been granted due to her mental impairment, chemical dependency, and desire to enter a drug treatment facility. We disagree.

"A motion to continue is addressed to the court's sound discretion and will not be disturbed on appeal in the absence of abuse of discretion." *In re Humphrey*, 156 N.C. App. 533, 538, 577 S.E.2d 421, 425 (2003) (citation omitted). Moreover, "[c]ontinuances are not favored and the party seeking a continuance has the burden of showing sufficient grounds for it." *Id.* (citation omitted). "The chief consideration is whether granting or denying a continuance will further substantial justice." *Id.* (citation omitted).

Here, respondent failed to illustrate that a continuance would further substantial justice. DSS previously offered respondent assistance to enter a reputable drug treatment facility. Respondent twice failed to attend. Specifically, the trial court found that DSS tried repeatedly and unsuccessfully for a period of 18 months to get respondent to engage in drug rehabilitation. Under the above described circumstances, we hold the trial court did not abuse its discretion in denying appellant's request for a continuance. This assignment of error is overruled.

[4] Respondent next challenges DSS's request for judicial notice. Respondent argues the trial court erred by failing to rule on her objection to petitioner's request for the trial court "to take judicial notice of the records and the court orders, and summaries" entered in this case. Respondent objected "to the extent that the findings in the orders do not contain clear, cogent, and convincing evidence, so any disposition of other matters which were not under the clear, cogent,

**IN RE C.D.A.W.**

[175 N.C. App. 680 (2006)]

and convincing evidence we object to." The trial court erred by failing to rule on either petitioner's request or respondent's objection to the same. Though the basis of respondent's objection is that petitioner should not have the benefit of collateral estoppel with respect to previous findings of fact not determined by the requisite standard of proof required in a termination of parental rights proceeding, respondent failed to illustrate how this prejudiced her. This is especially so in the instant case where all of the findings relating to and supporting the conclusion respondent neglected the minor child remain unchallenged. This assignment of error is overruled.

[5] Respondent next argues the trial court erred in allowing a DSS motion to amend the pleadings to assert N.C. Gen. Stat. §§ 7B-1111(a)(2) (reasonable progress) and 7B-1111(a)(3) (support). Because the conclusion that respondent neglected the minor child is independently sufficient grounds to terminate parental rights, we need not address whether the court abused its discretion in permitting these amendments to the petition to terminate parental rights.

[6] Respondent next argues the trial court erred in basing disposition in whole or in part upon the successful adaptation of the minor child to the foster home and the desire of the foster parents to adopt the minor child. Respondent contends too much weight was given to this finding. We disagree.

Though a finding by a trial court that children being settled in a foster home *alone* does not support a termination of parental rights, *Bost v. Van Nortwick*, 117 N.C. App. 1, 8, 449 S.E.2d 911, 915 (1994) (emphasis added), it is appropriate for the court to assess how the child is adjusting to their new home environment. *See In re Mills*, 152 N.C. App. 1, 8-9, 567 S.E.2d 166, 171 (2002), *writ denied*, 356 N.C. 672, 577 S.E.2d 627 (2003). A full review of the trial court order, however, illustrates that more than one factor predominated in the court's ultimate conclusion to terminate respondent's parental rights.

Here, though the trial court did consider the minor child's positive response to a foster home, the trial court considered factors in the disposition that relate to determining the best interests. Specifically, the court found as fact and concluded as a matter of law respondent neglected the minor child. Respondent never objected to this finding or the conclusion of law. Thus, the cumulative effect of these findings is what prompted the court to determine grounds existed to terminate respondent's parental rights and

termination was in the minor child's best interests. Thus, there was no abuse of discretion in the court's determination. This assignment of error is overruled.

**[7]** Lastly, respondent argues the trial court erred in determining that it is in the best interest of the minor child to terminate respondent's parental rights. However, respondent's contention is void of any discernible argument or citation as authority for such a claim. Thus, according to N.C. R. App. P. 28(b)(6) (2005) this argument is abandoned.

Affirmed.

Judge LEVINSON concurs.

Judge WYNN dissents with a separate opinion.

WYNN, Judge, dissenting.

For the reasons stated in *In re L.W.*, 175 N.C. App. ——, ——, —— S.E.2d ——, —— (COA05-192) (3 Jan. 2006), I respectfully dissent.

Although the trial court did not terminate respondent's parental rights specifically under N.C. Gen. Stat. § 7B-1111(a)(6) (2005), "the issues that were present throughout the permanency planning reviews and that culminated in the termination order were intertwined in such a way as to obviate consideration of the termination order without concurrent consideration of the mental issues that were present." *Id.* at ——, —— S.E.2d at ——. For instance, the trial court's order references respondent's non-compliance with her mental health treatments and respondent's hospitalization on 14 June 2004, based on her admission that she "took too many pills." The trial court's order further cites respondent's failure to enter a drug treatment program and respondent's eviction from her apartment for having a crack pipe in her home. In light of the trial court's emphasis and reliance on respondent's mental health issues and illegal drug usage, I would hold that the trial court erred in failing to conduct a hearing regarding the appointment of a *guardian ad litem* for respondent and grant a new hearing on the petition to terminate respondent's parental rights. I, therefore, respectfully dissent.