DAVIS, Judge.
T.S. ("Respondent") appeals from the trial court's order terminating her parental rights to her minor child, "Karl."[1] After careful review, we reverse.
*300 Factual Background
At the time Karl was born in 2007, Respondent was married to his biological father, G.C. ("Petitioner"). They subsequently divorced, and pursuant to a Virginia court order the parties had joint custody of Karl for alternating two-week periods. In February 2009, Karl was placed in the sole custody of Petitioner after Respondent failed to return Karl in accordance with the Virginia custody order. While Karl was in Petitioner's custody, Respondent paid Petitioner $1 per month in court-ordered child support. In January 2010, after Petitioner and Karl had moved to North Carolina, the Clay County District Court modified the custody order by awarding Respondent visitation that was to be supervised until she successfully completed six consecutive monthly visits with Karl. It took Respondent a year and a half to complete six consecutive visits and fulfill this condition. Between March 2012 and October 2013, Respondent had nine visits with Karl.
On 14 March 2014, Petitioner filed a petition to terminate Respondent's parental rights to Karl on the ground of abandonment pursuant to N.C. Gen. Stat. § 7B-1111(a)(7). On 10 April 2014, Respondent contacted Petitioner to seek a visit with Karl. Petitioner denied this request because Karl's therapist had determined that his visits with Respondent should be suspended indefinitely.[2] On 30 May 2014, Petitioner filed an amended petition that included the additional ground of neglect pursuant to N.C. Gen. Stat. § 7B-1111(a)(1).
On 4 May 2015, the trial court conducted a hearing on the amended petition. The trial court entered an order on 22 May 2015 terminating Respondent's parental rights based on the ground of neglect under N.C. Gen. Stat. § 7B-1111(a)(1). Respondent filed a timely notice of appeal.
Analysis
On appeal, Respondent argues that the trial court erred by terminating her parental rights because its findings were insufficient to support its conclusion that she neglected Karl pursuant to N.C. Gen. Stat. § 7B-1111(a)(1). We agree.
Our review on appeal is limited to a determination of whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether its findings of fact support its conclusions of law. In re Shepard , 162 N.C. App. 215, 221, 591 S.E.2d 1, 5, disc. review denied , 358 N.C. 543, 599 S.E.2d 42 (2004). Under N.C. Gen Stat. § 7B-1111(a)(1), "[t]he trial court may terminate the parental rights to a child upon a finding that the parent has neglected the child." In re Humphrey , 156 N.C. App. 533, 540, 577 S.E.2d 421, 427 (2003).
Included in the statutory definition of a "neglected juvenile" is a "juvenile ... who has been abandoned...." N.C. Gen. Stat. § 7B-101(15) (2015). See Humphrey , 156 N.C. App. at 540-41, 577 S.E.2d at 427 (holding parental rights may be terminated under N.C. Gen. Stat. § 7B-1111(a)(1) for neglect due to abandonment of the juvenile). "Abandonment implies conduct on the part of the parent which manifests a willful determination to forego all parental duties and relinquish all parental claims to the child." In re S.R.G. , 195 N.C. App. 79, 84, 671 S.E.2d 47, 51 (2009) (citation and quotation marks omitted). Abandonment has also been defined as
wilful neglect and refusal to perform the natural and legal obligations of parental care and support. It has been held that if a parent withholds his presence, his love, his care, the opportunity to display filial affection, and wilfully neglects to lend support and maintenance, such parent relinquishes all parental claims and abandons the child.
Humphrey , 156 N.C. App. at 540, 577 S.E.2d at 427 (citation omitted).
We have also held that "[w]illfulness is more than an intention to do a thing; there must also be purpose and deliberation." S.R.G. , 195 N.C. App. at 84, 671 S.E.2d at 51 (citation and quotation marks omitted). "Whether a biological parent has a willful intent to abandon his child is a question of *301 fact to be determined from the evidence." Id. (citation and quotation marks omitted).
"A finding of neglect sufficient to terminate parental rights must be based on evidence showing neglect at the time of the termination proceeding." In re Young , 346 N.C. 244, 248, 485 S.E.2d 612, 615 (1997). Thus, in order to terminate a parent's rights on the ground of neglect by abandonment, the trial court must make findings reflecting the fact that the parent has acted in a way that "manifests a willful determination to forego all parental duties and relinquish all parental claims to the child" as of the time of the termination hearing. S.R.G. , 195 N.C. App. at 84, 671 S.E.2d at 51.
Here, the trial court made the following findings in support of its conclusion that Respondent had neglected Karl by abandonment:
e. While the case was under the jurisdiction of the Virginia courts, the initial determination of custody gave the parties joint custody of [Karl], with each party having [Karl] for one half of the time, alternating every two weeks. In February of 2009, [Petitioner] filed [a] motion in the cause after [Respondent] failed to return the child to him, and the Court placed the sole custody of the child with [Petitioner].
f. Thereafter, jurisdiction was assumed by the State of North Carolina. In an order entered in January, 2010, the Court modified the Respondent's visitation so that it would be supervised until the Respondent successfully completed six consecutive monthly visits with the child. The Respondent was very inconsistent in her visits, and it was not until a year and a half later that she was able to complete six consecutive monthly visits.
g. The Respondent's last visit with the child was on October 13, 2013. During the period from March 2012 through October 2013, the Respondent had nine visits with the child. The last time that she requested a visit was on April 10, 2014, five days after being served with the Petition in this case. In response to that request, the Petitioner declined her request on the grounds that the child's therapist determined that visits should be suspended indefinitely pursuant to the consent order in Cherokee County file number 09 CVD 181. The Respondent has had no contact with the child in any fashion since October of 2013.
....
i. Since that time, the child has not asked for contact with the Respondent, although he would talk to her briefly if she called. Respondent has had only three phone conversations with the child since 2012, and none at all since October of 2013. In addition, the Respondent has not sent her son any cards or letters, nor has she sent him gifts at any time. In April 2014 when the Respondent called the Petitioner to ask for a visit she did not ask to speak to the child.
j. The Respondent pays $1.00 each month in child support for the child. She receives disability payments from the federal government, but does not apparently receive any additional payments intended to benefit the child.
Respondent does not dispute these findings. Nevertheless, we conclude that the trial court's findings do not support its conclusion that Respondent neglected Karl by abandonment.
The trial court's findings demonstrate that Respondent had paid her court-ordered child support since Petitioner gained sole custody of Karl. Although Respondent did not consistently attend all of her scheduled visitations with Karl, she still visited with him nine times between March 2012 and October 2013, and she spoke with him on the phone three times after 2012. She also requested in April 2014 to visit with Karl, but this request was denied based on the decision of Karl's therapist. These actions are not consistent with abandonment as defined under North Carolina law.
Furthermore, the fact that Respondent did not visit Karl between 10 April 2014 and the 4 May 2015 hearing cannot be taken as evidence of abandonment. The trial court's findings indicate that Respondent was denied visitation during that period because "the Petitioner declined her request on the grounds that the child's therapist determined that visits should be suspended indefinitely...." Thus, this lack of contact was not *302 voluntary and therefore cannot support a finding that Respondent intended to abandon Karl. See In re T.C.B. , 166 N.C. App. 482, 486-87, 602 S.E.2d 17, 20 (2004) (holding that trial court's conclusion of abandonment was not supported by its findings regarding lack of visits given that respondent's attorney instructed him not to have any contact with child and subsequent protection plan disallowed visitation).
In Bost v. Van Nortwick, 117 N.C. App. 1, 449 S.E.2d 911 (1994), appeal dismissed , 340 N.C. 109, 458 S.E.2d 183 (1995), this Court held that the trial court erred in determining that the respondent willfully abandoned his minor children when he visited them during Christmas, attended three of their soccer games, and told their mother he wanted to set up child support payments. Id. at 18-19, 449 S.E.2d at 921. This Court concluded that the respondent's actions did not "evince a settled purpose to forego all parental duties and relinquish all parental claims to the children." Id. at 19, 449 S.E.2d at 921. Similarly, in the present case, in addition to paying child support, Respondent visited Karl nine times from March 2012 through October 2013 and asked for further visitation in April 2014 but was denied.
The facts here are distinguishable from cases where this Court has upheld terminations of parental rights on abandonment grounds. See, e.g. , In re C.J.H ., 240 N.C. App. 489, 772 S.E.2d 82, 92 (2015) (affirming finding of abandonment because even though respondent made "last-minute child support payments and requests for visitation," during the relevant period "respondent did not visit the juvenile, failed to pay child support in a timely and consistent manner, and failed to make a good faith effort to maintain or reestablish a relationship with the juvenile"); In re Adoption of Searle , 82 N.C. App. 273, 276, 346 S.E.2d 511, 514 (1986) (holding that evidence of one $500 payment by respondent-without any other activity during the relevant time period-was sufficient to support jury's determination that father willfully abandoned child).
In sum, the evidence does not support a conclusion that Respondent abandoned Karl. Therefore, the trial court erred in concluding that Respondent's parental rights to Karl should be terminated based on the ground of neglect by abandonment under N.C. Gen. Stat. § 7B-1111(a)(1).
Conclusion
For the reasons stated above, the trial court's 22 May 2015 order is reversed.
REVERSED.
Judges HUNTER, JR. and ZACHARY concur.

A pseudonym is used throughout this opinion to protect the identity of the minor child and for ease of reading. N.C.R. App. P. 3.1(b).

A prior consent judgment entered into by the parties authorized Karl's therapist "to cease [Respondent's] visits for a period of time, or to modify them based upon the therapeutic needs of the child."