ZACHARY, Judge.
Respondent, the father of M.E.D. ("Melissa") and B.D. ("Brian"),[1] appeals from the trial court's order terminating his parental rights. For the following reasons, we affirm.
Respondent and the mother of the minor children were in a relationship for over eleven years and had five children together, including now twelve-year-old Melissa and two-year-old Brian. The Mecklenburg County Department of Social Services, Youth and Family Services ("DSS") has been involved with the family since 2006 due to issues of domestic violence, substance abuse, and mental health concerns. DSS has previously recommended in-home services and developed case plans for the family.
DSS most recently became involved with the family on 12 March 2015 when it filed a petition alleging that Melissa and Brian[2] were neglected juveniles. The petition alleged that DSS received a referral on 11 March 2015 for allegations of neglect due to domestic violence and substance abuse in the parents' home. The petition alleged that the parents failed to take Melissa to school on 10 March 2015, and that when DSS went to investigate, respondent was antagonistic toward the social worker. Due to respondent's hostility, DSS immediately took the children into nonsecure custody. According to the petition, during the removal of the children from the parents' home, respondent made disparaging remarks toward Melissa, calling her a "lying b----," and pushed her head. When Melissa's mother tried to intervene, respondent grabbed the mother's hair and slapped her face.
After holding a hearing on the petition on 2 July 2015, the trial court entered an order on 11 August 2015 adjudicating Melissa and Brian to be neglected juveniles in that they lived in an environment injurious to their welfare due to domestic violence and substance abuse in their presence, and due to respondent's abusive conduct toward Melissa. The court ordered a primary plan of reunification with a concurrent plan of guardianship. The court found that because of the parents' long history with DSS, it "d[id] not intend to pursue reunification for very long without significant progress by the parents."
After a review hearing on 30 September 2015, the trial court entered an order on 29 October 2015 ceasing reunification efforts with the parents and changing the permanent plan from reunification to adoption with a concurrent plan of guardianship. The trial court found that "[t]he parents ha[d] made no progress to alleviate the conditions that caused the children to be adjudicated neglected" and had "made insufficient progress within the time given; ha[d] failed to actively participate in case planning and services; ha[d] not made themselves sufficiently available to the [c]ourt and [DSS]; and ha[d] continued to act in manners inconsistent with their children's health and safety."
The court held a subsequent permanency planning hearing on 29 October 2015. In an order entered 7 December 2015, the trial court continued the permanent plan of adoption with a concurrent plan of guardianship. The trial court found that "the parents ha[d] made no case plan progress" and that respondent was "completely out of control with substance abuse and patterns of power and control, and is dangerous to people around him."
DSS filed a petition to terminate the parents' parental rights on 9 December 2015, alleging the grounds of neglect, failure to pay support, failure to legitimate, and willful abandonment. See N.C. Gen. Stat. § 7B-1111(a)(1), (3), (5), (7) (2015). After a hearing held 28 June 2016, the trial court entered an order on 22 July 2016 terminating both respondent's and the mother's parental rights on the grounds of neglect, failure to pay support, and abandonment. Respondent appealed.[3]
Respondent's counsel has filed a no-merit brief on respondent's behalf pursuant to Rule 3.1(d) of the North Carolina Rules of Appellate Procedure. Counsel states that she has "made a conscientious and thorough review" of the record, documents, and transcript and "has concluded that there is no issue of merit on which to base an argument for relief and that this appeal would be frivolous." Respondent's counsel requests that this Court conduct an independent examination of the case for possible error. In accordance with Rule 3.1(d), counsel sent a letter to respondent on 22 November 2016 advising him of counsel's inability to find error and of his right to file his own arguments directly with this Court within thirty days of the filing of the no-merit brief. Respondent has not filed his own written arguments.
After careful review, we are unable to find any prejudicial error by the trial court in ordering termination of respondent's parental rights to Melissa and Brian. Our review of the record reveals that the termination order includes sufficient findings of fact, supported by clear, cogent, and convincing evidence, to support the conclusion that respondent neglected the children in the past and that there is a strong probability of the repetition of neglect in that respondent failed to complete any part of his case plan and "is in a worse position than when the children entered custody." See N.C. Gen. Stat. § 7B-1111(a)(1) (2015). The finding of this statutory ground alone supports termination of respondent's parental rights. See In re Humphrey , 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003) (citation omitted) ("A finding of any one of the enumerated grounds for termination of parental rights under N.C.G.S. 7B-1111 is sufficient to support a termination."). Finally, the trial court made appropriate findings in determining that termination of respondent's parental rights was in the children's best interests. See N.C. Gen. Stat. § 7B-1110(a) (2015).
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and HUNTER, JR. concur.

We use these pseudonyms to protect the juveniles' identities and for ease of reading.

The maternal grandmother was granted custody of the family's four oldest children, including Melissa, in 2013. Some time later, Melissa returned to the parents' home, and Brian was born in 2014 to respondent and the mother. The three other children were not in the parents' home at the time of the March 2015 DSS referral and were not included in DSS's petitions for neglect and termination of parental rights. Therefore, they are not a part of this appeal.

The mother did not appeal and is not a party to this appeal.