MURPHY, Judge.
Respondent ("Deborah")[1] appeals from an order terminating her parental rights to her minor children G.D.O. ("Gwen"), T.L.A.G. ("Tyrus"), and A.R.O. ("Adele"). The fathers of the children are not parties to this appeal. We affirm the trial court's order.
Background
In December 2014, Deborah's two children, Gwen and Tyrus, were living with their maternal grandmother because Deborah did not have a suitable place for them to live. On 4 December 2014, Deborah picked her children up from school without informing the grandmother. The Mecklenburg County Department of Social Services ("DSS") investigated Deborah and her living situation. DSS discovered that Deborah was living in a boarding house, and she and the children were sharing one room with a man that Deborah had met four weeks prior. The landlord would not allow the children to remain. DSS also learned that Deborah had not given the children their prescribed medications since she resumed caring for them. On 8 December 2014, DSS filed a juvenile petition alleging that the children were neglected and dependent. The trial court granted DSS nonsecure custody the same day. Following a 30 January 2015 hearing, the trial court entered an order on 11 March 2015 adjudicating the children neglected and dependent.
In February 2016, Deborah gave birth to Adele while living at an inpatient drug treatment facility. On 29 February 2016, DSS filed a juvenile petition alleging Adele to be neglected and dependent. Following a 21 March 2016 hearing, the trial court entered an order on 4 April 2016 adjudicating Adele dependent. DSS filed a petition to terminate parental rights on 28 November 2016. The trial court held a hearing on the petition on 3 March and 3 April 2017 and entered a 17 May 2017 order terminating Deborah's parental rights after adjudicating the existence of the grounds for termination listed in N.C.G.S. § 7B-1111(a)(1)-(3) (2015). Deborah filed written notice of appeal on 16 June 2017.
Analysis
On appeal, Deborah's appellate counsel has filed a no-merit brief pursuant to N.C. R. App. P. 3.1(d) stating that, after conscientious and thorough review of the record on appeal, she has concluded that there is no issue on which we might grant relief to her client. In accordance with Rule 3.1(d), appellate counsel provided Deborah with copies of the no-merit brief, trial transcript, and record on appeal, and advised her of her right to file a brief with this Court pro se . Deborah has made no pro se filing in this appeal. After careful review, we are unable to find any prejudicial error by the trial court in ordering termination of Deborah's parental rights to the children. Our review of the record reveals that the termination order includes sufficient findings of fact, supported by clear, cogent, and convincing evidence, to conclude that Deborah had neglected the children. See N.C.G.S. § 7B-1111(a)(1). The finding of this statutory ground alone supports termination of Deborah's parental rights. See In re Humphrey , 156 N.C. App. 533, 540, 577 S.E.2d 421, 427 (2003). Finally, the trial court made appropriate findings in determining that termination of Deborah's parental rights was in the children's best interests. See N.C.G.S. § 7B-1110(a) (2015). As a result, we affirm the trial court's order terminating Deborah's parental rights.
AFFIRMED.
Report per Rule 30(e).
Judges Hunter, Jr. and Dillon concur.

Pseudonyms are used to protect the identity of the juveniles and for ease of reading. See N.C. R. App. P. 3.1(b).