An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-936
NORTH CAROLINA COURT OF APPEALS

Filed: 15 April 2014

IN THE MATTER OF:

A.M.M. and N.M.                          Guilford County
                                         Nos. 11 JT 327-28


Appeal by petitioner from order entered 23 April 2013 by Judge K. Michelle Fletcher in Guilford County District Court. Heard in the Court of Appeals 27 March 2014.


*Mercedes O. Chut, for petitioner-appellant C.E.K.*

*Assistant Appellate Defender J. Lee Gilliam, for respondent-appellee father.*

*Michael E. Casterline, for respondent-appellee mother.*

*David E. Sherrill, for guardian ad litem.*


CALABRIA, Judge.


C.E.K. ("petitioner") appeals from an order dismissing her petition to terminate the parental rights of H.M.K.M. ("respondent-mother") and A.N.M. ("respondent-father") (collectively "respondents") to their minor children A.M.M.

("Anne") and N.M. ("Nathan")[1] (collectively "the juveniles"). Since the trial court did not abuse its discretion in concluding and ordering that the termination of parental rights was not in the best interests of the juveniles, we affirm.

Respondents are the juveniles' biological parents. Petitioner is the biological grandmother and adoptive mother of respondent-mother. DSS became involved with the family through reports that, *inter alia*, respondents did not have stable housing. DSS placed the juveniles with petitioner pursuant to a safety plan. Respondent-mother agreed not to disrupt the placement.

Although the juveniles flourished under petitioner's care, DSS was concerned about petitioner's age[2]. DSS recommended that petitioner establish a permanent "backup plan" for the juveniles in case something should happen to her. Petitioner learned from reaching out to friends and members of her church that J.S.K. and T.K.K. ("the Kings")[3] were seeking to adopt children. Petitioner met the Kings in April 2011, and the juveniles moved

---

[1] We use these pseudonyms to protect the juveniles' privacy and for ease of reading.
[2] Petitioner was seventy-four at the time of the hearing on the petition to terminate parental rights.
[3] A pseudonym.

into the Kings' home on 15 June 2011. The Kings have served as the juveniles' sole caretakers since that date.

On 2 June 2011, petitioner filed a petition to terminate respondents' parental rights, alleging grounds of abandonment and neglect. After a hearing, the trial court entered an order on 23 April 2013, finding grounds to terminate respondents' parental rights on the basis of abandonment. However, the trial court concluded that since there was no legal placement in effect, and the juveniles were not placed with the Kings by an agency as defined by N.C. Gen. Stat. § 48-1-101(4) (2013), a legal guardian as defined by N.C. Gen. Stat. § 48-1-101(8) (2013), or by either respondent-parent, there was no one with authority to petition for a termination of parental rights in order to accomplish permanency for the juveniles. The court ordered that terminating respondents' parental rights was not in the juveniles' best interests, and dismissed the petition. Petitioner appeals.

Since respondents did not appeal the grounds for terminating their parental rights, there is no dispute regarding the ground of abandonment. The issue to determine is whether, in the dispositional phase of the proceeding, the trial court abused its discretion in ordering that terminating respondents'

parental rights was not in the best interests of the juveniles. Petitioner specifically argues that the trial court failed to consider criteria mandated by N.C. Gen. Stat. § 7B-1110. We disagree.

"After an adjudication that one or more grounds for terminating a parent's rights exist, the court shall determine whether terminating the parent's rights is in the juvenile's best interest." N.C. Gen. Stat. § 7B-1110(a) (2013). We review the trial court's decision to terminate parental rights for an abuse of discretion "and will reverse a court's decision only where it is 'manifestly unsupported by reason.'" *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008) (citation omitted), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009).

To determine whether it is in a juvenile's best interest to terminate parental rights, the trial court must consider and make written findings regarding the following relevant criteria:

> (1) The age of the juvenile.
>
> (2) The likelihood of adoption of the juvenile.
>
> (3) Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.
>
> (4) The bond between the juvenile and the parent.

(5) The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.

(6) Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2013).

As an initial matter, petitioner supports her argument that the trial court erred in failing to make specific findings that termination of parental rights was not in the juveniles' best interests by citing *In re Matherly*, 149 N.C. App. 452, 454, 562 S.E.2d 15, 17 (2002). However, *Matherly* applies a previous version of N.C. Gen. Stat. § 7B-1110, which mandated termination of parental rights upon the conclusion that a ground to terminate existed unless the court determined that the best interests of the juvenile required that parental rights not be terminated. N.C. Gen. Stat. § 7B-1110(a) (1999). The General Assembly deleted the mandatory termination language from the statute in 2005. *See* 2005 N.C. Sess. Laws 398, § 17. Therefore, the trial court is no longer required to presume termination of parental rights is in the juveniles' best interests. Instead, the trial court must consider and make written findings regarding the relevant criteria set forth in N.C. Gen. Stat. § 7B-1110(a) (2013).

In the instant case, the trial court made findings on all the relevant criteria, including the juveniles' dates of birth, the likelihood of adoption, the accomplishment of a permanent plan, the bond between the juveniles and respondents, and the quality of the relationship between the juveniles and the proposed adoptive parents. Specifically, the trial court found that the juveniles' bond with respondent-father was "non-existent," that Anne had a minimal bond with respondent-mother, and that Nathan had no bond at all with respondent-mother. The juveniles did, however, have a strong bond with the Kings, with positive reports about their development and family interactions in that household. The juveniles were happy and thriving, doing well at school, and had developed local friendships. The Kings had appropriately addressed some of the juveniles' behavioral issues, and the juveniles' behavior had shown significant improvement with the Kings' supervision. The court further found that the Kings were highly motivated to adopt the juveniles, but that the Kings did not have standing to file an adoption petition at that time. According to these findings, the trial court considered the relevant criteria mandated by N.C. Gen. Stat. § 7B-1110(a), and concluded there was no legal

placement in effect since the juveniles were not properly placed with the Kings.

Petitioner, however, contends that the trial court erred in failing to consider *her* bond with the juveniles as part of the relevant statutory criteria. N.C. Gen. Stat. § 7B-1110(a)(4) requires the trial court to make findings of fact about the bond between the juveniles and their parents, while N.C. Gen. Stat. § 7B-1110(a)(5) requires findings about the bond between the juveniles and the "proposed adoptive parent, guardian, custodian, or other permanent placement." N.C. Gen. Stat. § 7B-1110(a)(4), (5) (2013). Although the juveniles were placed with petitioner as part of a safety plan, DSS neither filed a juvenile petition nor designated petitioner as a permanent placement. In addition, petitioner knew that the Kings were interested in adopting the juveniles. Since petitioner is neither the juveniles' parent, nor a proposed adoptive parent, guardian, custodian, or other permanent placement, the trial court was not required to make findings of fact regarding her bond with the juveniles pursuant to N.C. Gen. Stat. § 7B-1110(a)(4) or (5).

Petitioner further argues the trial court erred in finding that termination of parental rights would not achieve permanence

for the juveniles. Petitioner contends that permanence for the juveniles is only possible through adoption, which is not possible without the termination of respondents' parental rights, and that the juveniles are in legal limbo as a result of the trial court's order.

The purpose of the juvenile code is to ensure that the best interests of the juveniles are of paramount consideration, and for juveniles to be placed in a safe, permanent home within a reasonable amount of time. N.C. Gen. Stat. § 7B-100 (2013). However, in the instant case, the trial court found that DSS' failure to file a petition in district court deprived the court of an opportunity to determine whether either of the respondents could become an adequate parent for the juveniles. In addition, the trial court concluded since the juveniles were not placed with the Kings by an agency as defined by N.C. Gen. Stat. § 48-1-101(4), a legal guardian as defined by N.C. Gen. Stat. § 48-1-101(8), or by either respondent-parent, an order for the termination of parental rights would effectively render the juveniles legal orphans. Under these circumstances, the court made a reasoned decision by determining that termination of parental rights was not in the juveniles' best interests.

Petitioner also challenges several findings of fact. However, we need not address those arguments because it is not necessary to determine whether the challenged findings support the trial court's conclusion that termination of respondents' parental rights was not in the juveniles' best interests pursuant to N.C. Gen. Stat. § 7B-1110(a). Therefore, any error in the findings would not constitute reversible error. *In re T.M.*, 180 N.C. App. 539, 547, 638 S.E.2d 236, 240 (2006).

The trial court's order addresses all the relevant criteria of N.C. Gen. Stat. § 7B-1110(a). In addition, the trial court came to a reasoned decision regarding the best interests of the juveniles and did not abuse its discretion in ordering that terminating respondents' parental rights was not in the juveniles' best interests. Accordingly, we affirm the trial court's order dismissing the petition for termination of respondents' parental rights.

Affirmed.

Judges ELMORE and STEPHENS concur.

Report per Rule 30(e).