An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1365
NORTH CAROLINA COURT OF APPEALS

Filed:  6 May 2014

IN THE MATTER OF:

K.L.C.                                     Davidson County
                                           No. 12 JT 98

Appeal by respondent-mother from order entered 30 August 2013 by Judge Jimmy L. Myers in Davidson County District Court. Heard in the Court of Appeals 7 April 2014.

> *Assistant Davidson County Attorney Christopher M. Watford for petitioner-appellee Davidson County Department of Social Services.*
>
> *Attorney Advocate Laura Bodenheimer for Guardian ad Litem.*
>
> *Hunt Law Group, P.C., by James A. Hunt, for respondent-appellant mother.*

McCULLOUGH, Judge.

Respondent-mother appeals from an order terminating her parental rights to her daughter K.L.C. ("Kate")[1].  We affirm.

## I.   Background

On 25 May 2012, the Davidson County Department of Social Services ("DSS") filed a juvenile petition alleging that Kate,

---

[1]The pseudonym "Kate" is used throughout this opinion to protect the identity of the child and for ease of reading.

born October 2011, was a neglected and dependent juvenile. DSS took non-secure custody of Kate. By order filed 17 July 2012, the trial court adjudicated Kate neglected based upon the stipulations of the parties. In a separate disposition order filed 15 August 2012, the trial court continued custody of Kate with DSS and ordered respondent-mother, among other things, to pay child support pursuant to North Carolina Child Support Guidelines.

On 4 April 2013, DSS filed a petition to terminate the parental rights of respondent-mother under N.C. Gen. Stat. § 7B-1111(a)(3) for failure to pay a reasonable portion of the cost of care for the child. The trial court held termination hearings in June and August 2013. By order filed 30 August 2013, the trial court concluded that grounds for termination of respondent-mother's parental rights existed under N.C. Gen. Stat. § 7B-1111(a)(3). The trial court concluded that it was in Kate's best interest to terminate respondent-mother's parental rights.[2] Respondent-mother appeals.

II. Discussion

---

[2]The trial court also terminated the parental rights of Kate's father. He did not appeal.

Respondent-mother contends the trial court erred in concluding that grounds existed to terminate her parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(3). We disagree.

In reviewing a trial court's order terminating parental rights, this Court must determine whether the trial court's findings of fact are supported by clear, cogent, and convincing evidence and whether those findings support the trial court's conclusions of law. *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 58-59 (2008), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009). "The trial court's conclusions of law are fully reviewable *de novo* by the appellate court." *Id.* at 146, 669 S.E.2d at 59 (internal quotation marks omitted).

A court may terminate parental rights upon finding that

> [t]he juvenile has been placed in the custody of a county department of social services, a licensed child-placing agency, a child-caring institution, or a foster home, and the parent, for a continuous period of six months next preceding the filing of the petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so.

N.C. Gen. Stat. § 7B-1111(a)(3) (2013). "A finding that a parent has ability to pay support is essential to termination for nonsupport" pursuant to N.C. Gen. Stat. § 7B-1111(a)(3). *In re Ballard*, 311 N.C. 708, 716-17, 319 S.E.2d 227, 233 (1984). A

parent's "nonpayment will be deemed a failure to pay a reasonable portion if and only if the [parent] could pay some amount greater than zero." *In re McDonald*, 72 N.C. App. 234, 243, 324 S.E.2d 847, 853, *disc. review denied,* 314 N.C. 115, 332 S.E.2d 490 (1985).

To support its conclusion that respondent-mother willfully failed to pay a reasonable portion of the cost of care for Kate, the trial court made the following findings of fact:

> 22. [Respondent-mother] was first ordered by the Court to pay child support for the benefit of [Kate] in the disposition order entered following a hearing on August 1, 2012.
>
> 23. [Respondent-mother] is able-bodied and has [sic] the Court is unaware of any disability that prevents her from gainful employment. [Respondent-mother] has indicated that she has been employed for the past eighteen months although no verification has been received. Based on her assertion, the Court finds that [respondent-mother] has the ability to pay child support.
>
> 24. Mrs. Angie Curry is the custodian of Davidson County DSS records which pertain to accounts of children placed in the custody of the Davidson County Department of Social Services foster care placements and the monies expended for their support while in foster care.
>
> 25. For the six months prior to the filing of the petition in this matter, the Department of Social Services paid

$2,850.00 for room and board and $120.00 in clothing allowance for the benefit of the minor child. In that same time, the Department has received no payments from the respondent parents, and has not received any payment as of the date of the affidavit filed in this matter which was received into evidence as Petitioner's Exhibit 9. The Department has advanced a total of $5,682.26 for the actual cost of care of the minor child as of the date of this affidavit.

26. On or about September 11, 2012, [respondent-mother] entered into a voluntary support agreement which was ratified by the Court that established that [respondent-mother] was to pay $50.00 per month as current support and $5.00 toward arrears. The total monthly obligation of $55.00 is a reasonable and just amount for the cost of care for the minor child, especially in light of the actual costs of care for the child. A certified copy of the order was received into evidence as Petitioner's Exhibit 10.

27. Ms. Mitzi Troxell is the custodian of records for the Davidson County Child Support Enforcement Agency and is an establishment agent. For the six months prior to filing the petition in this matter, [respondent-mother] paid no voluntary payments. [Respondent-mother] has failed to pay a reasonable portion of the cost of care of the child.

28. On February 7, 2013, [respondent-mother] was held in willful civil contempt for failure to pay the obligations under the existing child support order and the court subsequently issued an order for [respondent-mother's] arrest. [Respondent-mother] was arrested but was

released on May 1, 2013 after making a purge payment of $300.00. [Respondent-mother] has made no payments since. A certified copy of the order was received into evidence as Petitioner's Exhibit 11.

29. The [respondent-mother] has, for a period of six months next preceding the filing of the petition to terminate her parental rights, willfully failed to pay a reasonable portion of the cost of care for the children [sic] although physically and financially able to do so.

Respondent-mother first asserts the trial court erred in finding that she had the "ability to pay child support" when there "was no evidence that the mother had any income or ability to pay child support." However, respondent-mother entered into a voluntary support agreement to pay $50.00 per month and, therefore, DSS did not need to provide detailed evidence of her ability to pay support during the relevant time period. *See In re Roberson,* 97 N.C. App. 277, 281, 387 S.E.2d 668, 670 (1990) ("[b]ecause a proper decree for child support will be based on the supporting parent's ability to pay as well as the child's needs . . . there is no requirement that petitioner independently prove or that the termination order find as fact respondent's ability to pay support during the relevant statutory time period.")

Respondent-mother also asserts the trial court erred in finding that she failed to make any payments during the relevant time period when "the evidence is uncontroverted that the mother paid $510 between October 2012 and April 2013." Child Support Enforcement Worker Ms. Troxell testified that the only payment the agency received between October 2012 and April 2013 was a payment on March 13th of $150, which "was intercepted." Contrary to respondent-mother's assertion, she did not make any voluntary payments during the relevant period. Rather, the $150 payment was "intercepted" by the agency and applied towards respondent-mother's child support obligation. Although respondent-mother made a purge payment of $360 in May 2013, any payments made after 4 April 2013 "are irrelevant, since the termination statute specifically limits consideration to the amount of support paid for the six months next preceding the filing of the petition in termination." *In re Phifer*, 67 N.C. App. 16, 27, 312 S.E.2d 684, 690 (1984). Accordingly, the trial court properly found that respondent-mother failed to voluntarily pay a reasonable portion of the cost of care of Kate for the six months prior to the filing of the termination petition.

Finally, respondent-mother objects to the court's ultimate finding and conclusion that her failure to pay a reasonable portion of the juvenile's cost of care during the relevant six-month period was "willful." We hold that the court's findings are sufficient to establish respondent-mother's willful failure to pay a reasonable portion of Kate's cost of care. For the six-month period that preceded DSS's filing of the petition on 4 April 2013, respondent-mother paid no child support despite having the ability to do so. Accordingly, we conclude the trial court properly found grounds existed to terminate respondent-mother's parental rights under N.C. Gen. Stat. § 7B-1111(a)(3).

Affirmed.

Judges HUNTER, Robert C., and GEER concur.

Report per Rule 30(e).