An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-370
NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

IN THE MATTER OF:                          Surry County
                                           No. 12-JT-25
K.M.D.


Appeal by respondent from order entered 7 November 2013 by Judge William F. Southern, III in Surry County District Court. Heard in the Court of Appeals 28 July 2014.

> *Susan Curtis Campbell for Surry County Department of Social Services, petitioner-appellee.*
>
> *Raleigh Divorce Law Firm, by Lauren R. Hinzey, for guardian ad litem.*
>
> *Levine & Stewart, by James E. Tanner III, for respondent-appellant.*

DILLON, Judge.

Respondent appeals from an order terminating his parental rights to his daughter Kelli[1] pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) and (3). He challenges the court's findings regarding the applicable statutory grounds. He also contends

___
[1] We use a pseudonym to protect the identity of the minor.

that the court abused its discretion by terminating his parental rights. We affirm.

On 18 April 2012, the Surry County District Court entered a juvenile adjudication order concluding that three-year-old Kelli was an abused and neglected juvenile. The court found that on 4 March 2012, drugs, drug paraphernalia, and items used in the manufacture of methamphetamine were found in the home that the child shared with her mother, that the child's mother was both using and selling methamphetamines, and that other adult members of the household were consuming methamphetamines and other drugs regularly. The court also found that respondent was incarcerated in the North Carolina Department of Correction, where he had been since 28 October 2011. On 10 January 2013, the court entered an order relieving the Surry County Department of Social Services ("DSS") of reunification efforts and directing DSS to initiate proceedings to terminate the parental rights of both parents.

On 1 March 2013, DSS filed a motion to terminate parental rights. Following two hearings, the court filed an order on 7 November 2013 terminating respondent's parental rights on grounds pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) in that he neglected Kelli and the neglect is likely to be repeated, and

pursuant to N.C. Gen. Stat. § 7B-1111 (a)(3) in that he failed to pay a reasonable portion of the cost of care for Kelli while she has been in foster care. The child's mother consented to adoption.

We review a court's order terminating parental rights to determine whether the findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings of fact. *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6, *disc. review denied sub nom In re D.S.*, 358 N.C. 543, 599 S.E.2d 42 (2004). We review *de novo* the court's conclusions of law. *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009). We review for abuse of discretion the court's determination that it is in the juvenile's best interest to terminate parental rights. *In re T.M.T.*, 367 N.C. 165, 171, 752 S.E.2d 453, 457 (2013).

Respondent contends the court's findings of fact regarding his prior neglect of Kelli and the evidence regarding repetition of that neglect are insufficient to support termination of his parental rights. A court may terminate parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) if it concludes that the parent has neglected the child. N.C. Gen. Stat. § 7B-1111(a)(1)

(2013).  A child is neglected if the parent fails to provide proper care, supervision, discipline or a safe environment. N.C. Gen. Stat. § 7B-101(15) (2013).  When a court has previously adjudicated the child as neglected, the court must consider the probability that the child will be neglected if returned to the parent's care.  *In re Ballard*, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984).

Respondent has been incarcerated during the entire time Kelli has been in foster care through the date of the hearing to terminate parental rights.  "Incarceration, by itself, is insufficient to establish neglect in a termination case, but it is relevant to whether a child is neglected."  *In re J.K.C.*, ___ N.C. App. ___, ___, 721 S.E.2d 264, 270 (2012).  According to the court's findings of fact, respondent has a lengthy history of alcohol abuse and has been convicted of numerous criminal offenses involving alcohol and drugs, including seven convictions of driving while impaired.  He was incarcerated in 2002 for driving while impaired, during which incarceration he did not participate in the DART program.  In 2005 and 2006, respondent was incarcerated again for driving while impaired, during which incarceration he did participate in the DART program.  During 2007, respondent participated in an outpatient

alcohol abuse counseling program. Notwithstanding his participation in these rehabilitation programs, respondent continued to consume alcohol and to drive while impaired, culminating in his incarceration during the time of these juvenile proceedings. Respondent does not challenge these findings of fact. Given respondent's long and largely unabated history of criminal activity and drug and alcohol abuse, which resulted in respondent's multiple incarcerations and inability to provide proper care, supervision, and care of his child, we conclude it was reasonable for the trial court to find it likely that the neglect by respondent will continue in the future.

Having determined that termination of parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1) is supported by the findings of fact and the evidence, we need not address respondent's arguments concerning termination of parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(3). *In re Parker*, 90 N.C. App. 423, 424, 368 S.E.2d 879, 880 (1988).

We next consider respondent's contention that the court abused its discretion by terminating his parental rights. In determining whether termination of parental rights is in the best interest of the child,

> [t]he court shall consider the following
> criteria and make written findings regarding

the following that are relevant:

(1)  The age of the juvenile.

(2)  The likelihood of adoption of the juvenile.

(3)  Whether the termination of parental rights will aid in the accomplishment of the permanent plan for the juvenile.

(4)  The bond between the juvenile and parent.

(5)  The quality of the relationship between the juvenile and the proposed adoptive parent, guardian, custodian, or other permanent placement.

(6)  Any relevant consideration.

N.C. Gen. Stat. § 7B-1110(a) (2013).  While this statute mandates consideration of all of these factors, the court is required to make written findings of fact only regarding those factors which are relevant.  *In re D.H.*, ___ N.C. App. ___, ___, 753 S.E.2d 732, 735 (2014).  Great deference is to be given to a trial court's discretionary decision and the appellate court may not overturn it unless "it was so arbitrary that it could not have been the result of a reasoned decision."  *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

Here, the court made the following findings of fact in its order:

30. The permanent plan for the minor child is adoption.

31. The juvenile is almost five (5) years of age, having been born [in October 2008].

32. The court finds that the likelihood of adoption of the juvenile is high.

33. The termination of the respondent-father's parental rights will allow the child to be adopted.

34. The bond between the juvenile and the father is very good.

35. The relationship between the juvenile and the proposed adoptive parents, is very strong. The juvenile has been in the care of the proposed adoptive parents since October 5, 2012.

While the child has been placed with the current foster parents, she has received intensive in-home counseling and the foster parents have been actively involved in her counseling. Additionally, during the current placement, the child has continued to have contact with the father and the father's extended family.

We conclude the foregoing findings represent a reasoned decision. We find no abuse of discretion and affirm the court's order terminating respondent's parental rights.

Affirmed.

Judge Robert C. HUNTER and Judge DAVIS concur.

Report per Rule 30(e).