NO. COA14-323

NORTH CAROLINA COURT OF APPEALS

Filed: 21 October 2014

IN THE MATTER OF:

L.R.S.                                   Surry County
                                         No. 12 JT 09


Appeal by respondent mother from order entered 16 December 2013 by Judge David V. Byrd in Surry County District Court. Heard in the Court of Appeals 29 September 2014.

> *Susan Curtis Campbell for petitioner-appellee Surry County Department of Social Services.*
>
> *Mercedes O. Chut for respondent-appellant mother.*
>
> *Administrative Office of the Courts, by Appellate Counsel Tawanda N. Foster, for guardian ad litem.*


McCULLOUGH, Judge.

Respondent mother appeals from an order entered 16 December 2013, which terminated her parental rights to her minor child, L.R.S. ("Lilly")[1]. Because the trial court's conclusion that the ground of dependency existed to terminate respondent's parental rights is supported by its findings of fact and record evidence, we affirm.

---

[1]Pseudonyms are used to protect the child's identity and for ease of reading.

The Surry County Department of Social Services ("DSS") became involved with respondent and Lilly in January of 2012 when it obtained non-secure custody of Lilly and filed a petition alleging she was a neglected and dependent juvenile. At the time of the filing of the petition, Lilly was just two months old, respondent had been arrested and jailed on criminal charges, and Lilly's father was incarcerated with the North Carolina Department of Public Safety. After a hearing on 8 March 2012, the trial court entered adjudication and disposition orders on 4 April 2012, concluding Lilly was a neglected and dependent juvenile and continuing custody of Lilly with DSS. At the time of the entry of the court's orders, respondent lived in a residential facility in Wake County pursuant to a pre-trial release order for pending federal criminal charges.

Over the next several months, respondent resided in residential facilities awaiting disposition of her federal criminal charges. Respondent regularly visited with Lilly until 18 December 2012, when she was expelled from the residential facility for not complying with its rules. In January 2013, respondent was convicted of her federal criminal charges and sentenced to a term of 38 months imprisonment. Respondent was subsequently transported to a federal correctional institution

in Danbury, Connecticut to serve her sentence. In a permanency planning order entered 11 March 2013, the trial court relieved DSS of further reunification efforts with both parents, set the permanent plan for Lilly as adoption, and directed DSS to initiate an action to terminate parental rights.

On 18 March 2013, DSS filed a motion for the termination of parental rights to Lilly. After a hearing on 28 August 2013, the trial court entered an order terminating the parental rights of both respondent and Lilly's father. The court concluded grounds existed to terminate respondent's parental rights based on neglect and dependency, *see* N.C. Gen. Stat. § 7B-1111(a)(1), (6) (2013), and that it was in Lilly's best interests to terminate her parental rights.[2] Respondent appeals.

On appeal from an order terminating parental rights, this Court reviews the order for "whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." *In re Shepard*, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6 (citations and quotation marks omitted), *disc. review denied sub nom.*, *In re*

---

[2]The trial court also terminated the parental rights of Lilly's father on the grounds of neglect, dependency, and abandonment. N.C. Gen. Stat. § 7B-1111(a)(1), (6), (7). Lilly's father also appealed from the trial court's order, but was permitted to withdraw his appeal by order of this Court entered 6 May 2014.

*D.S.*, 358 N.C. 543, 599 S.E.2d 42 (2004). "Findings of fact supported by competent evidence are binding on appeal even though there may be evidence to the contrary." *In re S.R.G.*, 195 N.C. App. 79, 83, 671 S.E.2d 47, 50 (2009). The trial court's findings of fact which an appellant does not specifically dispute on appeal "are deemed to be supported by sufficient evidence and are binding on appeal." *In re M.D.*, 200 N.C. App. 35, 43, 682 S.E.2d 780, 785 (2009). However, "[t]he trial court's conclusions of law are fully reviewable *de novo* by the appellate court." *In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008) (quotation marks omitted), *aff'd. per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009).

We first address respondent's argument that the trial court erred in concluding grounds existed to terminate her parental rights based on dependency. A trial court may terminate parental rights if it concludes:

> That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or

> unavailable to parent the juvenile and the parent lacks an appropriate alternative child care arrangement.

N.C. Gen. Stat. § 7B-1111(a)(6) (2013). A dependent juvenile is defined as one who is "in need of assistance or placement because (i) the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or (ii) the juvenile's parent, guardian, or custodian is unable to provide for the juvenile's care or supervision and lacks an appropriate alternative child care arrangement." N.C. Gen. Stat. § 7B-101(9) (2013). Thus, the trial court's findings regarding this ground "must address both (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re P.M.*, 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005).

Respondent first asserts that the ground of dependency is only properly found where the evidence shows that the incapability will continue throughout the child's minority. Respondent cites to this Court's opinion in *In re Guynn*, 113 N.C. App. 114, 437 S.E.2d 532 (1993), for support for this assertion. However, in *Guynn*, this Court reviewed an order terminating parental rights using a prior statutory version of

the ground of dependency. The dependency ground at issue in *Guynn* required the trial court to find:

> That the parent is incapable as a result of mental retardation, mental illness, organic brain syndrome, or any other degenerative mental condition of providing for the proper care and supervision of the child, such that the child is a dependent child within the meaning of G.S. 7A-517(13), and that there is a reasonable probability that such incapability will continue throughout the minority of the child.

*Id.* at 119, 437 S.E.2d at 535-36; *see also* N.C. Gen. Stat. § 7A-289.32(7) (1991). Here, the trial court applied the current standard and was not required to find that there was a reasonable probability that such incapability will continue throughout the minority of the child. Rather, the trial court properly found that there is a reasonable probability that such incapability will continue for the foreseeable future.

Respondent also argues that the trial court erred in concluding that the ground of dependency existed where DSS presented no evidence of mental illness or disability that would render her incapable of parenting in the foreseeable future. In support of her argument, respondent cites *In re J.K.C.*, 218 N.C. App. 22, 721 S.E.2d 264 (2012), which relies on *In re Clark*, 151 N.C. App. 286, 565 S.E.2d 245, *disc. review denied*, 356 N.C. 302, 570 S.E.2d 501 (2002).

In *Clark*, this Court reversed a trial court's order terminating parental rights on the ground of dependency where there was "no evidence at trial to suggest that respondent suffered from any physical or mental illness or disability that would prevent him from providing proper care and supervision for [the juvenile], nor did the trial court make any findings of fact regarding such a condition[,]" and where "there was no clear and convincing evidence to suggest that respondent was incapable of arranging for appropriate supervision for the child." *In re Clark*, 151 N.C. App. at 289, 565 S.E.2d at 247-48. Relying on *Clark*, in *J.K.C.*, this Court then affirmed the dismissal of a termination petition on the ground that, although the respondent was incarcerated, "the trial court did not find respondent was incapable of providing care and supervision." *In re J.K.C.*, 218 N.C. App. at 41, 721 S.E.2d at 277. In *J.K.C.*, this Court further noted that "[s]imilar to the facts in *Clark*, the guardian ad litem . . . did not present any evidence that respondent's incapability of providing care and supervision was due to one of the specific conditions or any other similar cause or condition." *Id.*

In *Clark*, however, this Court again applied a prior version of the statute setting forth the ground of dependency, which

stated that a trial court could terminate parental rights where it found:

> That the parent is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101, and that there is a reasonable probability that such incapability will continue for the foreseeable future. Incapability under this subdivision may be the result of substance abuse, mental retardation, mental illness, organic brain syndrome, or any other *similar* cause or condition.

*In re Clark*, 151 N.C. App. at 288, 565 S.E.2d at 247 (emphasis added); *see also* N.C. Gen. Stat. § 7B-1111(a)(6) (2001). As this Court recently discussed in an instructive unpublished opinion, *see In re G.L.K.*, COA 13-92, 2013 WL 3379750 (N.C. App. July 2, 2013), effective 1 December 2003, the North Carolina General Assembly modified the ground of dependency by removing the requirement that "other" causes or conditions resulting in dependency be "similar" to substance abuse, mental retardation, mental illness, or organic brain syndrome. 2003 N.C. Sess. Laws ch. 140, §§ 3, 11. The statute now permits dependency to be based on "substance abuse, mental retardation, mental illness, organic brain syndrome, or any other cause or condition that renders the parent unable or unavailable to parent the juvenile . . . ." N.C. Gen. Stat. § 7B-1111(a)(6).

In contrast to *J.K.C.*, in the present case, the trial court found that due to her extended incarceration, respondent would be unable to parent Lilly, and that this inability would continue for the foreseeable future. The court found that in January 2013, respondent was sentenced to an active term of 38 months imprisonment, and that her projected release date was 13 September 2014. Thus, at the time of the hearing in August 2013 respondent was not scheduled to be released from federal custody for at least 13 additional months, and potentially faced up to 30 additional months imprisonment. Respondent's extended incarceration is clearly sufficient to constitute a condition that rendered her unable or unavailable to parent Lilly.

Respondent further contends the trial court erred in finding that she had not proposed an appropriate alternative child care arrangement for Lilly. Respondent argues that she repeatedly offered a married couple (the "Martins"), who had previously adopted another of respondent's children, as appropriate alternative caregivers. Respondent's argument is misplaced.

Respondent first indicated to the trial court that the Martins were willing to accept placement of Lilly and were interested in adopting her at the 11 January 2013 permanency

planning hearing. Mrs. Martin testified at that hearing that she and her husband were willing to care for Lilly, however, she also acknowledged that they had previously declined placement of Lilly in April 2012. At the termination hearing, a DSS social worker testified that although respondent had repeatedly recommended placement of Lilly with the Martins, DSS did not recommend the placement. Moreover, no evidence was presented at the termination hearing that the Martins continued to agree to be considered a placement option for Lilly. Given the Martins' prior decision to decline the placement and lack of evidence at the termination hearing that they were willing and able to care for Lilly, we cannot say the trial court erred in finding that respondent had not proposed an alternative child care arrangement for her child. Accordingly, we hold the trial court's findings of fact support its conclusion that grounds to terminate respondent's parental rights existed pursuant to N.C. Gen. Stat. § 7B-1111(a)(6).

Because the evidence and findings of fact support the conclusion that grounds existed to terminate respondent's parental rights on the basis of dependency, we need not address respondent's arguments regarding the court's conclusion that grounds also existed to terminate her parental rights under N.C.

Gen. Stat. § 7B-1111(a)(1). *In re P.L.P.*, 173 N.C. App. 1, 8, 618 S.E.2d 241, 246 (2005), *aff'd*, 360 N.C. 360, 625 S.E.2d 779 (2006). Respondent has not challenged the dispositional ruling that termination of her parental rights was in Lilly's best interests, and we thus affirm the trial court's order terminating respondent's parental rights.

Affirmed.

Judges CALABRIA and STEELMAN concur.