An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-531

Filed: 6 October 2015

New Hanover County, No. 14 JT 100

IN THE MATTER OF: D.L.B.

Appeal by respondent-father from order entered 18 February 2015 by Judge J.H. Corpening, II, in New Hanover County District Court. Heard in the Court of Appeals 14 September 2015.

> *Virginia R. Hager, for petitioner-appellee mother.*
>
> *Assistant Appellate Defender J. Lee Gilliam, for respondent-appellant father.*

DILLON, Judge.

Father appeals from an order terminating his parental rights to D.L.B. ("David")[1]. We affirm.

On 8 May 2014, Mother filed a petition to terminate the parental rights of Father based on the following grounds: (1) neglect; (2) abuse; (3) willful abandonment; and (4) willful failure to pay child support, as required by decree or custody agreement. *See* N.C. Gen. Stat. § 7B-1111(a)(1), (4), (7) (2013). Following a hearing, the trial court entered an order concluding that termination of Father's

---

[1] A pseudonym.

parental rights was justified based upon the grounds alleged by Mother, with the exception of abuse. The trial court also concluded that it was in David's best interest to terminate Father's parental rights. Father gave timely notice of appeal.

Father's counsel has filed a no-merit brief on the Father's behalf in which he states that after a "conscientious and thorough review of the record on appeal," he "concludes that the record contains no issue of merit on which to base an argument for relief and that the appeal would be frivolous." Pursuant to N.C.R. App. P. 3.1(d), counsel requests that this Court conduct an independent examination of the case. Counsel has also shown to the satisfaction of this Court that he has advised Father of his right to file written arguments with this Court, and counsel has provided Father with the documents necessary to do so. Father has not filed his own written arguments.

After carefully reviewing the transcript and record, we are unable to find any prejudicial error in the trial court's order. The trial court exercised proper subject matter jurisdiction over the matter, the court's findings of fact support at least one ground for termination, and the court did not abuse its discretion in determining that termination was in the best interest of the juvenile. The trial court found that Father failed to pay court-ordered child support for a period of more than one year preceding the filing of the petition to terminate parental rights. Because we find that this ground for termination is supported by clear, cogent, and convincing evidence in the

record, we decline to address the additional grounds found by the trial court. *See In re S.N.*, 194 N.C. App. 142, 149, 669 S.E.2d 55, 60 (2008). Accordingly, we find no prejudicial error in the trial court's order terminating Father's parental rights to the juvenile.

AFFIRMED.

Judges ELMORE and DIETZ concur.

Report per Rule 30(e).