An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA15-429

Filed: 6 October 2015

Caldwell County, No. 13 JA 5

IN THE MATTER OF:  A.K.L.N.

Appeal by Respondent-Father from orders entered 22 January 2015 by Judge Mark L. Killian in Caldwell County District Court.  Heard in the Court of Appeals 8 September 2015.

> *Lauren Vaughan for Caldwell County Department of Social Services, petitioner-appellee.*
>
> *Stephen M. Schoeberle for guardian ad litem.*
>
> *Peter Wood for respondent-appellant.*

INMAN, Judge.

Respondent-Father appeals from orders terminating his parental rights to his daughter, A.K.L.N. (hereinafter referenced by the pseudonym of "Amy").  After careful review, we affirm the order.

## Factual Background

On 10 January 2013, the Caldwell County Department of Social Services ("DSS") filed a petition alleging that Amy was a neglected and dependent juvenile. The court adjudicated Amy to be a dependent juvenile on 6 February 2013.  DSS filed

a motion to terminate the parental rights of both of Amy's parents on 5 March 2014. Amy's mother relinquished her parental rights to Amy on 27 March 2014. The court filed an adjudication order on 12 November 2014, concluding grounds existed to terminate Respondent's-Father's parental rights pursuant to N.C. Gen. Stat. § 7B-1111(a)(1), (2), (3), and (6) (2013). On 22 January 2015, the court filed an order terminating Respondent's-Father's parental rights. Respondent-Father filed notice of appeal on 5 February 2015. Attorney Peter Wood was appointed to represent Respondent-Father on appeal.

Mr. Wood filed a brief on Respondent's-Father's behalf pursuant to N.C.R. App. P. 3.1(d) in which he states that after conducting "a conscientious and thorough review of the record on appeal[,]" he finds "the record contains no issue of merit on which to base an argument for relief and that the appeal would be frivolous." He states that he contacted trial counsel, who was unable to think of any meritorious issues, and the Office of the Appellate Defender, which was also unable to find any issues of merit in the record. Mr. Wood requests this Court to review the record to determine whether he has overlooked any errors that would entitle Respondent-Father to a new hearing or other relief.

Mr. Wood attached to the brief a copy of a letter he wrote to Respondent-Father advising him of the foregoing actions he had taken. He also advised Respondent-Father that he could file his own written arguments directly with this Court on or

before 5 June 2015. To assist Respondent-Father with this task, Mr. Wood provided him with copies of the brief filed by counsel, the trial transcript, and the record on appeal. Respondent-Father has not filed his own written arguments.

**Standard of Review**

"The standard of review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law. We then consider, based on the grounds found for termination, whether the trial court abused its discretion in finding termination to be in the best interest of the child." *In re Shepard*, 162 N.C. App. 215, 221-22, 591 S.E.2d 1, 6 (citation and quotation marks omitted), *disc. review denied sub nom. In re D.S.*, 358 N.C. 543, 599 S.E.2d 42 (2004).

**Analysis**

In the brief filed on Respondent's-Father's behalf, Mr. Wood contends that the court erred by terminating Respondent's-Father's parental rights on the ground that Amy is a dependent juvenile. He argues this adjudication is not supported by clear, cogent, and convincing evidence. Mr. Wood, however, acknowledges that the other three grounds found by the court are supported by clear, cogent, and convincing evidence and the findings of fact, and that a finding of only one ground is necessary to support termination of parental rights. *See In re S.N.*, 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008), *aff'd per curiam*, 363 N.C. 368, 677 S.E.2d 455 (2009). The

ultimate result of termination of Respondent's-Father's parental rights therefore remains the same.

Mr. Wood concedes that "it would be frivolous to argue that the trial court made an arbitrary or unreasoned decision when it determined that termination of the [Respondent's-Father's] parental rights was in Amy's best interest." After careful review of the record, we agree that the trial court did not abuse its discretion in terminating Respondent's-Father's rights.

## Conclusion

After reviewing the record on appeal and transcript, we are unable to find any possible prejudicial error. We accordingly affirm the court's adjudication and disposition orders.

AFFIRMED.

Judges BRYANT and MCCULLOUGH concur.

Report per Rule 30(e).