TYSON, Judge.
Respondent-mother appeals from an order terminating her parental rights to J.B. We affirm.
I. Background
On 20 July 2015, the Robeson County Department of Social Services ("DSS") obtained nonsecure custody of the juvenile and filed a petition, alleging that he was neglected based upon Respondent-mother's drug use and mental health issues. J.B. tested positive for opiates and methadone at his birth in January 2015. Respondent-mother voluntarily placed him in the care of a friend upon his release from the hospital, because she was unable to care for her newborn son. DSS attempted to engage Respondent-mother for services, but her whereabouts remained unknown at the time the petition was filed.
Respondent-mother was eventually served by publication. On 20 November 2015, the trial court entered an order adjudicating the juvenile as neglected. In a separate disposition order, the trial court determined that it was in the juvenile's best interest to remain in DSS custody.
On 16 May 2016, DSS filed a motion to terminate Respondent-mother's parental rights to the juvenile based upon the following grounds: (1) neglect; (2) willfully leaving the juvenile in foster care for more than twelve months without showing reasonable progress to correct the conditions that led to removal; (3) willful failure to pay a reasonable portion of the cost of care for the juvenile; (4) dependency; and (5) Respondent-mother's rights to another child had been terminated and she lacked the ability or willingness to establish a safe home. See N.C. Gen. Stat. § 7B-1111(a)(1)-(3), (6), (9) (2017). Respondent-mother's exact whereabouts remained unknown. She again was served by publication.
Respondent-mother was personally served with process on 14 December 2016, when she had her first meeting with DSS and was given notice of the pending termination of parental rights hearing. The trial court conducted the hearing on 22 March 2017. On 21 April 2017, the trial court entered an order concluding that termination of Respondent-mother's parental rights was justified, based upon all alleged grounds, except for dependency. The trial court also concluded that termination of parental rights was in the juvenile's best interest. Respondent-mother gave timely notice of appeal. The parental rights of the juvenile's unknown father were also terminated. That ruling is not before us.
II. Standard of Review
The standard of review upon appeal of a termination order is whether the trial court's findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings. In re Huff , 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001). The trial court's conclusions of law are reviewed de novo . In re S.N. , X.Z. , 194 N.C. App. 142, 146, 669 S.E.2d 55, 59 (2008) (citation omitted), aff'd , 363 N.C. 368, 677 S.E.2d 455 (2009).
III. No-Merit Brief
Respondent-mother's counsel has filed a "no-merit brief" on Respondent-mother's behalf pursuant to Rule 3.1(d) of the North Carolina Rules of Appellate Procedure. Counsel states that after a "conscientious and thorough review of the record on appeal," he concludes "that the record contains no issue of merit on which to base an argument for relief and the appeal would be frivolous."
On 8 September 2017, counsel sent a letter to Respondent-mother to advise her of his inability to find appealable error and of her right to file written arguments with this Court. Counsel also provided her with the documents necessary to do so. Respondent-mother has failed to file any written arguments. Counsel requests this Court to conduct an independent examination of the case for possible error, in accordance with Rule 3.1(d).
IV. Analysis
The termination order includes sufficient findings of fact, which are supported by clear, cogent and convincing evidence, to sustain the court's conclusion that Respondent-mother willfully left the child in DSS' custody for over 12 months without showing reasonable progress to correct the conditions which led to the removal of the child from her care. See N.C. Gen. Stat. § 7B-1111(a)(2) (2017). The uncontested findings of facts show that Respondent-mother failed to remain in contact with DSS, failed to continue with any single treatment provider for her substance abuse and mental health issues and did not follow treatment recommendations as required by her case plan. "A finding of any one of the enumerated grounds for termination of parental rights under N.C.G.S. § 7B-1111 is sufficient to support a termination." In re Humphrey , 156 N.C. App. 533, 540, 577 S.E.2d 421, 426 (2003) (citation omitted).
The trial court's findings of fact support this ground for termination. See id . There is also no showing that the court abused its discretion in determining that termination of Respondent-mother's parental rights was in the best interest of the juvenile. The record does not show any other meritorious basis to reverse the trial court's order. The trial court's order terminating Respondent-mother's parental rights to the juvenile is affirmed.
V. Conclusion
The trial court made appropriate findings based upon clear, cogent and convincing evidence to conclude that termination of Respondent-mother's parental rights was supported by the evidence and was in the best interest of the juvenile. See N.C. Gen. Stat. § 7B-1110(a) (2017). The order appealed from is affirmed. It is so ordered.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and DAVIS concur.